**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0163-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK S. JACKSON, a/k/a
LOW D,

    Defendant-Appellant.

_____

Submitted November 6, 2025 – Decided January 14, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-03-0691.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Derrick S. Jackson appeals from a March 15, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our careful review of the record and the application of well-established law, we conclude defendant failed to establish a prima facie claim of ineffective assistance of counsel and affirm.

Defendant was indicted for: first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) and 2C:11-3(b)(4)(g) (count one); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count five); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count six). In addition, defendant and his co-defendants were charged with: first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count three); and second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2(a)(1) and 2C:15-1(a)(1) (count four).

Defendant pled guilty to count one, as amended to first-degree aggravatated manslaughter, N.J.S.A. 2C:11-4(a)(1) ("recklessly causes death under circumstances manifesting extreme indifference to human life"). As part of the plea agreement, the prosecutor recommended the dismissal of all other charges against defendant. In addition, the prosecutor agreed to recommend a sentence for a term of twenty-five years imprisonment with 85% parole

2

ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant advised he would argue for a "lesser" prison sentence.

During the sentencing hearing, defense counsel acknowledged the following aggravating factors applied: three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted"); and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law").

As to defendant's history, which included a prior aggravated assault, counsel explained that the prior assault occurred when defendant was in school. He stated defendant had been "in a fight with another boy, an officer came, and [defendant] pushed the officer away during that fight." Thus, "this wasn't a situation where [defendant wa]s purposely seeking out a police officer to attack." Instead, because the "simple assault [was] on a police officer [it was] elevated to an aggravated assault."[1]

---

[1] The sentencing transcript denotes this statement as being said by "[t]he [c]ourt." However, we glean from the appropriate context that defense counsel stated it.

A-0163-24

Counsel argued mitigating factor four, N.J.S.A. 2C:44-1(b)(4) ("[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"), applied.  Counsel noted he had provided information from the Social Security Administration and Malcraft Medical Associates, which indicated that defendant:  had a low IQ, had difficulty processing information, and had reading and math skills that were at an elementary school education level.  Counsel argued defendant had "an intellectual disability, . . . a severe impairment."  Further, while noting defendant graduated from high school, he also contended defendant was "functioning intellectually and cognitively at a much lower level."

In addition, counsel noted the adult presentence report detailed defendant's statement that he "began drinking alcohol [at] the age of 13, . . . smoking marijuana [at] the age of 13, and he started using Xanax at age 17."  Counsel contended defendant "had been using all three" on a daily basis and "up to and including the date" of this offense.

Counsel argued "collectively," defendant's "severe intellectual impairment" and his daily alcohol and drug use should "excuse or justify . . . [his] conduct" despite failing to establish a defense.

A-0163-24

Counsel also argued mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) ("[t]he character and attitude of the defendant indicate that the defendant is unlikely to commit another offense"), applied. Counsel presented a letter "from the program director of PowerCorps Camden" and stated defendant had "expressed an interest in wanting . . . to resolve this matter." Counsel contended defendant "wasn't hiding from what he did" and had "expressed remorse."

In addition, counsel argued mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12) ("[t]he willingness of the defendant to cooperate with law enforcement authorities"), applied. Counsel acknowledged defendant sought a non-traditional application of this factor, but noted "there were no motions" filed in this matter and defendant sought to "accept responsibility at the earliest possible moment."

Lastly, counsel argued that "impos[ing] a 25-year sentence" would create a "grave" "disparity" between defendant's sentence and the sentences of the other defendants. Counsel argued for "a sentence at or near the bottom of the first-degree range."

The sentencing court did not find mitigating factor four was applicable. The court considered counsel's arguments concerning defendant's "intellectual

5

disabilities, cognitive functioning issues, his processing issues, and his IQ." Nevertheless, the court was "not persuaded by that argument."

Moreover, the court did not find mitigating factor nine was applicable. The court stated it believed defendant felt remorse. However, considering the presentence report, defendant's history, and other factors, it did "not find that remorse constitute[d] showing a character and attitude that show[ed] . . . he's unlikely to commit another crime or another offense." The court considered the circumstances surrounding the prior aggravated assault but concluded the conduct rose to aggravated assault as "the [s]tatute is written."

Further, the court did not find mitigating factor twelve applicable. The court found the factor did not "exist" as to defendant. The court noted co-defendants "came forward and essentially gave information that helped solve this case," but defendant had not done so. Therefore, the court, having "reviewed all the mitigating factors, in particular the factors that were requested by the defense," found that no mitigating factors applied.

Moreover, the court found disparate sentences were warranted because of co-defendants' cooperation and "defendant [wa]s in a different position than the co-defendants because of his action of pulling the trigger that caused the death of the victim."

6

A-0163-24

As to aggravating factors, the court found factors three, six, and nine and weighed each heavily. "In weighing the aggravating and mitigating factors on a qualitative as well as quantitative basis," the court found that "the aggravating factors clearly and convincingly substantially outweigh[ed] the lack of mitigating factors."

The court concluded the plea agreement was "fair and in the interest of justice." The court sentenced defendant to twenty-five years imprisonment in accordance with the plea agreement.

Defendant appealed the sentence and the matter was placed on a sentencing oral argument (SOA) calendar pursuant to Rule 2:9-11 ("In a criminal . . . action . . . in the Appellate Division in which the only issue on appeal is whether the court imposed a proper sentence . . . the matter shall be placed on a sentencing calendar for consideration by the court . . . ."). Counsel argued the sentencing court erred in finding mitigating factor four did not apply because the court failed to provide "specific" reasoning and "just said that it wasn't persuaded and didn't address the intellectual disability, the IQ issues that defense counsel raised in detail."

In addition, counsel contended the sentencing court erred because it "believed defendant felt remorse, but didn't find that it amounted to a[]

A-0163-24

mitigating factor."  Further, the court "still could have mitigated the sentence given that it found that . . . defendant did show remorse."

Counsel argued defendant's sentence was disparate to the other defendants but acknowledged defendant "shot the gun" and the other defendants "were not armed."

Lastly, while counsel argued before the SOA panel that mitigating factor thirteen, N.J.S.A. 2C:44-1(b)(13) ("[t]he conduct of a youthful defendant was substantially influenced by another person more mature than the defendant"), applied, counsel conceded that it was not raised during the sentencing hearing. Moreover, counsel stated that while defendant was "technically older," "he was of a younger age intellectually."  Therefore, mitigating factor thirteen was supported in the record.

In a SOA order, we affirmed the sentence because "we [we]re satisfied that the sentence [wa]s not manifestly excessive or unduly punitive and d[id] not constitute an abuse of discretion."  State v. Jackson, No. A-1487-18 (App. Div. May 7, 2019) (order at ¶ 2), certif. denied, 239 N.J. 414 (2019).

Defendant filed the petition for PCR.  During oral argument his appointed PCR counsel argued trial counsel had been ineffective because counsel should have "explor[ed]" defendant's purported "mental health deficiencies" further or

arranged to have defendant evaluated to pursue a "diminished capacity" defense or "mitigate his sentence."

In an oral opinion, the PCR court applied <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and found:

> The defense in connection with this application has not presented a report from a mental health expert or an affidavit or a certification from a mental health expert to support . . . that . . . defendant's condition would support a diminished capacity defense or an argument at least.

> There is well-settled case law on a PCR petition, if a defendant claims that his trial attorney should have called a witness to testify at the trial, the defendant has to provide legally competent evidence of what that witness would have said if called at trial. Now here the contention is not necessarily a trial witness, although that would have been required if the case had gone to trial and the defense had wanted to assert a diminished capacity defense and tried the case itself.

> So the same principle applies when it comes to expert witness . . . and a claim of PCR -- of ineffective assistance of counsel if the claim is based on a failure to call or solicit the advice of an expert witness, that claim fails when the defendant does not provide the report of such an expert or an affidavit or certification from that expert explaining what kind of testimony they would have provided or what kind of report would have been generated.

> So in light of that circumstance the first prong of <u>Strickland</u> . . . is not met because there's no way to tell that trial counsel was ineffective in not pursuing that

9

because we don't know what an expert report would have looked like.

Related to that as well is [t]he prejudice prong can't be established either because if there's no information about what that person would have written in terms of an expert opinion, there's no way to determine whether it would have had an impact on the outcome of the trial. That burden -- or the proceedings. That burden is on the defendant.

And so for those reasons the first claim for relief here, which is that the trial counsel was ineffective for not securing the services of an expert with regard to the diminished capacity defense, that claim[] is denied.

As to the sentencing, similarly without a proffer . . . of a certification or an affidavit or an expert report about what evidence in support of diminished capacity short of an actual legal defense, but enough for mitigating factor four, without that, the claim of ineffective assistance of counsel on that ground also fails.

I would note that the trial counsel at the sentencing did make substantial arguments, relying on some of the documentation that's relied on in support of the petition here to argue about the defendant's diminished capabilities from a cognition standpoint and otherwise. The trial court considered that information and declined to find mitigating factor four.

So this is not a situation where trial counsel said nothing, didn't use the information that they did have. The argument simply is that they should have gotten more information. This [c]ourt's ruling is that without some evidence about what that other information would have been and what that other opinion would have been,

10

A-0163-24

. . . that's insufficient to establish ineffective assistance of counsel on the . . . sentencing claim.

So . . . the fi[na]l[] argument, the cumulative error argument, neither of the contentions here about error in terms of preparing to proceed either with trial or to negotiate a better plea or to advance arguments at sentencing, since neither of those was at error here -- or to obtain expert report about diminished capacity for sentencing since neither of those qualifies as ineffective assistance of counsel, then the cumulative error argument fails as well.

Again, as to the sentencing, ultimately the defendant was sentenced in accordance with the plea agreement that recommended a 25-year sentence. Obviously the trial judge was not bound by that. And defense counsel was not bound and argued in fact mitigating factors on behalf of the defendant.

So for all those reasons I find that this petition does not meet the standard for the holding of an evidentiary hearing since there's no fact dispute at this point and there has not been a showing of a prima facie case of ineffective assistance of counsel under Strickland . . . . Therefore[,] the petition is denied.

On appeal, defendant raises the following arguments for our consideration:

THE PCR JUDGE ERRED IN FINDING THAT [DEFENDANT] HAD FAILED TO ESTABLISH AT LEAST A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF HIS PRIOR COUNSEL, WHICH SHOULD HAVE REQUIRED AN EVIDENTIARY HEARING.

11

A.  The Applicable Legal Standards.

B.  Counsel's Failure to Have [Defendant]
Evaluated By a Mental Health Expert.

C.  Counsel's Failure to Raise Adequate
Mitigation Arguments at Sentencing.

Defendant contends counsel failed "to adequately conduct a pretrial investigation" because counsel failed "to arrange for him to be evaluated by a mental health expert to determine his intellectual capacity to form the requisite mens rea for the charged crime."  (Italicization omitted).

Defendant argues he established both Strickland prongs because had an evaluation "been conducted and if the examiner had determined that [his] intellectual disabilities . . . would have prevented him from acting with recklessness under circumstances manifesting extreme indifference to human life, there [wa]s a reasonable likelihood that he would have proceeded to trial rather than pleading guilty."

As to his argument concerning counsel's failure to raise adequate mitigating factors at sentencing, defendant contends "counsel failed to adequately present evidence to demonstrate to the sentencing court that [he] was entitled to the application of mitigating factors [f]our and [t]hirteen."  Defendant contends that rather than "gathering adequate records," including the medical

12

and vocational reports referenced in the Social Security Administration's assessment, "counsel presented only very fragmentary information."

Further, defendant contends counsel was ineffective because they failed to argue the judge placed "undue weight on the aggravating factors." While recognizing his past included "an aggravated assault," defendant asserts it was "minimal:  pushing an officer at school," but the sentencing court referred to it as defendant's "history of violent behavior" and "a violent history."

When "the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations do novo."  State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).  PCR "is New Jersey's analogue to the federal writ of habeas corpus."  State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).  It "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'"  State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey."  R. 3:22-2(a).  "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense."  State v. Gideon, 244 N.J. 538, 549 (2021) (citing

13

U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).  "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' . . . rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'"  Id. at 550 (second alteration in original) (quoting Strickland, 466 U.S. at 685-86).

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland.  466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[2]  Strickland, 466 U.S. at 687.  "[A] court

---

[2]  The Sixth Amendment of the Constitution of the United States provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory

A-0163-24

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under "the 'second, and far more difficult prong,'" a defendant must show that his or her defense was prejudiced. Gideon, 244 N.J. at 550 (quoting Preciose, 129 N.J. at 463). The defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice is not to be presumed." Gideon, 244 N.J. at 551. "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

If defendant fails to "make[] both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

A defendant "must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J.

---

process for obtaining witnesses in his favor, and to have
the Assistance of Counsel for his defence.

15

565, 579 (1992)).  "R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Nevertheless, PCR "courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR.  Preciose, 129 N.J. at 462.  "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim."  Id. at 462-63.  "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, . . . will ultimately succeed on the merits.'"  State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)).

A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel."  Cummings, 321 N.J. Super. at 170.  Therefore, when a defendant "claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification."  Ibid.

Applying this well-established law, we consider defendant's arguments. First, we conclude there is no merit to defendant's argument that counsel failed

to investigate and have him evaluated by a mental health expert. Defendant's argument fails because it is not supported by an affidavit or certification or a report of mental health expert that discloses what would have been revealed if such an evaluation occurred. Under these circumstances, defendant cannot establish either Strickland prong.

Second, as to sentencing, we conclude there is no merit to defendant's arguments concerning counsel's document production to the court nor counsel's argument as to aggravating factors. Defendant's arguments concerning the records fails in the absence of a certification or affidavit explaining how the records reviewed by the Social Security Administration would have been more persuasive than the materials provided to the court. In the absence of this information, defendant cannot establish either Strickland prong regarding the aggravating factors. We add that mitigating factor thirteen was raised during our sentencing calendar hearing, nevertheless, we affirmed the sentence.

Further, defendant's argument that counsel did not sufficiently oppose the application of aggravating factors is belied by the record. Indeed, counsel argued defendant's prior "aggravated assault" should be given less weight because of the circumstances surrounding the charge.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0163-24